UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 6:12-cr-12-GFVT

UNITED STATES OF AMERICA,                                                                                             PLAINTIFF,

V.                         **MAGISTRATE JUDGE'S REPORT
                                & RECOMMENDATION**

WERNER GRENTZ,                                                                                             DEFENDANT.

*** *** *** ***

On January 29, 2014, Defendant Werner Grentz filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 47]. The United States filed its response on April 11, 2014. [R. 51]. Defendant did not file a reply. Consistent with local practice, the matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court RECOMMENDS that Defendant's Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I. BACKGROUND

On April 6, 2012, Defendant was charged by indictment with two counts of failing to file a tax return, in violation of 26 U.S.C. § 7203, and four counts of tax evasion, in violation of 26 U.S.C. § 7201. [R. 1]. During Defendant's initial appearance in this District and arraignment, Greta Price was appointed as counsel for Defendant pursuant to the Criminal Justice Act. [R. 12].

Soon thereafter, Defendant retained Jarrod James Beck, William Gary Crabtree, and Robert Michael Murphy as defense counsel. [Rs. 15, 18, 20].

Pursuant to a written plea agreement, Defendant agreed to plead guilty to one count of evading taxes in violation of 26 U.S.C. § 7201 (Count 5 of the indictment), and the United States agreed to dismiss Counts 1-4 and 6. [R. 29 at ¶ 1]. Notably, Defendant's plea agreement contained a waiver of his right to appeal and collaterally attack his guilty plea, conviction, and sentence, with the sole exception that he could appeal any aspect of his sentence if he received a term of imprisonment greater than thirty-seven months. [R. 29 at ¶ 6].

Prior to sentencing, the probation office prepared a presentence report wherein Defendant's recommended guideline range of imprisonment was determined to be thirty to thirty-seven months. [R. 49 at 20]. On June 18, 2013, Judge Van Tatenhove presided over Defendant's sentencing and, varying below the guidelines, sentenced Defendant to eighteen months' imprisonment with three years of supervised release to follow. [R. 49 at 29]. Defendant did not appeal his case to the Sixth Circuit Court of Appeals.

Defendant now brings the instant motion seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [R. 47]. Since Defendant is a pro se petitioner, the Court will liberally and leniently construe his arguments. See Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985) ("[A]llegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction.") (citation omitted) (internal quotation marks omitted). That being said, Defendant's motion alleges three grounds for relief and an argument against the validity of the collateral-attack waiver contained in his plea agreement. [R. 47]. Defendant's first ground for relief is that his plea was not knowing and voluntary because defense counsel provided ineffective assistance by not explaining to him that conduct underlying his dismissed counts

2

could factor into his sentence. [R. 47 at 4]. Defendant's next claim, from Ground Two of his motion, is that counsel rendered ineffective assistance by failing to object to the base offense level when the issue was raised during his sentencing hearing. [R. 47 at 5]. Ground Three of Defendant's motion contains two claims: 1) Defendant's plea agreement is void because his sentence was unconstitutionally enhanced on the basis of criminal conduct neither charged in the indictment nor admitted to by him, and (2) the collateral-attack waiver provision of Defendant's plea agreement should not be enforced against him because he received ineffective assistance of counsel as outlined in Grounds One and Two of his motion. [R. 47 at 7]. To aid in the fluidity of its analysis, the Court will not necessarily address Defendant's grounds for relief in the order they were presented in his motion.

## II. ANALYSIS

### A. The Right to Collateral Attack

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights . . . ."). For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." Watson, 165 F.3d at 488 (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). If the movant alleges a non-constitutional error, he "must establish a

3

fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Id. (internal quotations omitted).

## B. Validity of Plea Agreement

In Ground One of his motion, Defendant alleges that his counsel provided ineffective assistance by not adequately explaining the terms and conditions of his plea agreement to him. [R. 47 at 4]. More specifically, Defendant claims that counsel did not inform him that conduct underlying his dismissed charges and conduct that did not constitute an element of the offense of conviction (Count 5) could be used to enhance his sentence.[1] [R. 47 at 4]. In essence, Defendant's ineffective assistance of counsel claim implicates the knowing, voluntary, and intelligent nature of his guilty plea. In a similar argument, which the Court has parsed from his third ground, Defendant alleges that, even in the absence of ineffective assistance of counsel, his plea agreement is void for the same reasons argued in Ground One—because conduct not charged in the count of conviction and not admitted to by the movant was used to enhance his sentence. [R. 47 at 7].

As a preliminary matter, the Court notes that, at this point in the analysis, it is not necessary to determine the validity of the collateral-attack waiver contained in Defendant's plea agreement since the Sixth Circuit has held that collateral-attack waivers do not apply to claims "that go to the very validity of a guilty plea" or "the waiver itself," such as "where a defendant argues that his plea was not knowing or voluntary[] or [that his plea was] the product of ineffective assistance of counsel." In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007). As the two

---

[1] The Court has construed Defendant's first ground somewhat liberally in aid of Defendant. See Franklin, 765 F.2d at 85. In fact, under Defendant's wording in Ground One, counsel provided ineffective assistance by not explaining to him that he was pleading "guilty to an offense not charged in the indictment . . . ." [R. 47 at 3]. The Court notes that Defendant's claim, as worded, is summarily rejected because it is contradicted by the record. Defendant pleaded guilty to a tax evasion count, and he admitted the elements of that offense. [See R. 40 at ¶¶ 1-3; R. 48 at 29-32].

claims noted above challenge the validity of Defendant's plea or waiver, these claims would not be barred by a valid collateral-attack waiver. Id. Accordingly, the Court will begin by analyzing whether either of these arguments merits a finding that Defendant's plea agreement was invalid.

   1. *Ineffective Assistance of Counsel Relating to Plea Agreement*

To prevail on an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1994). First, in order to prove deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ." Id. Second, Defendant must establish prejudice by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694-95. In the context of a guilty plea, the Court must normally inquire into whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985). And, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.' " Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697).

Here, the basic nature of Defendant's claim is that he pleaded guilty to tax fraud for the calendar year 2009 (stated in Count 5 of his indictment) and that his plea was not knowing and voluntary because his attorney failed to explain that all conduct, including conduct based on dismissed counts from years other than 2009, would be taken into consideration during sentencing. However, Defendant cannot show prejudice because his claim is contradicted by the record.

To begin with, the plea agreement specifically delineated the amount of restitution due for each year of tax fraud committed by Defendant from 1999-2010 and explained "that these yearly restitution amounts result from his fraudulent conduct and that he is liable for fraud penalties on these amounts." [R. 29 at ¶ 10]. The amount of tax fraud attributable to the tax year 2009—the year addressed in Count 5—was listed as $100,287. [R. 29 at ¶ 10]. Yet, the agreement plainly stated that Defendant's "base offense level is 20 because the tax loss is more than $400,000, but not more than $1,000,000," which indicated that Defendant's base offense level included additional tax fraud conduct outside of the $100,287 amount attributable to 2009 [R. 29 at ¶ 5(b)]. Furthermore, the agreement required Defendant to pay restitution of $900,068 to the IRS, and it explained that this was the total dollar amount of tax fraud committed from 1999-2010. [R. 29 at ¶ 10]. Thus, by a clear reading of the plea agreement, it is apparent that Defendant's base level and restitution were set on the basis of additional conduct outside of the tax fraud committed in 2009 that was charged in Count 5.

Moreover, by signing the plea agreement, Defendant acknowledged that he understood the agreement and that his attorney fully explained it to him. [R. 29 at ¶ 16]. Additionally, Defendant's and counsel's sworn testimony at the Rule 11 hearing reflected that Defendant read and understood the various provisions contained in the plea agreement before signing it. [R. 48 at 14, 19, 23, 28]. In short, the record contradicts Defendant's claim that his attorney did not explain to him that conduct related to charges other than Count 5 could be used to enhance his sentence. This information was contained in the plea agreement, and Defendant acknowledged that counsel reviewed it with him. Consequently, Defendant cannot show that he suffered prejudice as a result of these alleged errors by counsel. See Strickland, 466 U.S. at 694-95. Having found that Defendant has not proven prejudice, the Court need not undertake an analysis

as to deficient performance. See Strickland, 466 U.S. at 697. Defendant's first ground for relief fails.

   2. *Validity of Defendant's Plea Agreement in the Absence of Ineffective Assistance of Counsel*

In Defendant's second argument against the validity of his plea agreement (taken from his Third Ground), he alleges that his plea agreement is void because offense conduct forming the basis for his dismissed counts was used to enhance his sentence, as was conduct that did not constitute an element of the offense of conviction and conduct that was not charged. [R. 47 at 7]. In effect, Defendant's argument seems to be that the plea agreement was void ab initio because it contained terms that the two parties were legally or constitutionally prohibited from entering into. However characterized, Defendant's claim fails on the merits.

United States Sentencing Guidelines Manual § 6B1.2(a) explains that "a plea agreement that includes the dismissal of a charge . . . shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted." The guidelines contain no requirement that only conduct underlying offenses for which a defendant is convicted, or even charged, can be considered as relevant conduct during sentencing. Furthermore, "the Sixth Circuit is in the majority of circuits holding that a sentencing court may take into account relevant criminal conduct in counts that were dismissed as part of a plea bargain." United States v. Barksdale, 78 F.3d 585, at *5-6 (6th Cir. 1996) (unpublished table decision) (citing United States v. Smith, 887 F.2d 104 (6th Cir. 1989)). There is nothing improper in Defendant's plea agreement factoring offense conduct from dismissed counts into his base offense level. Thus, this ground for relief fails.

C. <u>Failure to Object at Sentencing</u>

As noted above, Defendant's argument in Ground Two is that counsel rendered ineffective assistance by failing to object to the base offense level when the issue was raised during Defendant's sentencing hearing. [R. 47 at 5]. Defendant believes that his base offense level improperly included conduct underlying charges that were dismissed against him, and he claims that, had an objection been made, "chances were extremely good this movant's base offense level would have been tremendously lower than that given." [R. 47 at 5]. As explained above, the Court analyzes ineffective assistance of counsel claims under the <u>Strickland</u> standard. Temporarily putting aside the issue of whether this claim is barred by the plea agreement's collateral-attack waiver, the Court finds that counsel's performance was not deficient, nor was Defendant prejudiced.

As was previously stated, dismissed counts may constitute relevant conduct for the purpose of sentence calculation under the United States Sentencing Guidelines Manual. <u>See</u> U.S.S.G. § 6B1.2(a). Further, the Sixth Circuit has held that a sentencing court may take into account conduct underlying counts that were dismissed under the terms of a plea agreement. <u>Barksdale</u>, 78 F.3d at *5-6 (6th Cir. 1996) (unpublished table decision) (citing <u>Smith</u>, 887 F.2d 104). In view of the fact that the dismissed counts were properly considered relevant conduct at sentencing, counsel's decision not to object cannot be considered deficient performance. <u>See</u> <u>Lyles v. United States</u>, 52 F.3d 325, at *2 (6th Cir. 1995) (unpublished table decision) (holding that an attorney's failure to object to the use of relevant conduct in the calculation of a sentence does not constitute deficient performance).

Furthermore, Defendant was not prejudiced. Defendant was charged with two counts of failing to file a tax return and four counts of tax evasion. [R. 1]. Defense counsel was able to

negotiate an agreement whereby Defendant would plead to one count only. [R. 29 at ¶ 1]. In addition, defense counsel persuaded the district court to sentence Defendant below the sentencing guidelines (Defendant was sentenced to eighteen months in light of a thirty to thirty-seven month sentencing range). Indeed, the record reflects counsel's zealous advocacy of Defendant at sentencing, which led to a sentence drastically lower than the suggested guidelines range. [R. 49]. During sentencing, counsel highlighted Defendant's involvement with charities and his exemplary record as a doctor. [R. 49 at 15-16]. Thus, the record reveals that Defendant benefitted from counsel's efforts. Defendant has presented no evidence whatsoever that he would have received a more favorable plea deal or that the result of a trial would have been different if counsel would have objected to the use of relevant conduct from dismissed counts at sentencing. See Strickland at 694-95. Accordingly, the Court finds that Defendant is not entitled to relief on this claim.

### D. Validity of Collateral-Attack Waiver

In another argument from Ground Three of his § 2255 motion, Defendant asserts that the collateral-attack waiver provision of his plea agreement should not be enforced against him because he received ineffective assistance of counsel as outlined in Grounds One and Two of his § 2255 motion. [R. 47 at 7]. However, as explained above, the Court has already determined that both of Defendant's claims of ineffective assistance in Grounds One and Two are meritless. Thus, Ground Three fails as an attack on the validity of the collateral-attack waiver. Nonetheless, in the interest of thoroughness in its Report and Recommendation, the Court, for the reasons below, finds that the collateral-attack waiver is valid. Furthermore, although the Court has already found Ground Two meritless, the Court further concludes that Defendant's argument from Ground Two—that counsel rendered ineffective assistance by failing to object to

the base offense level during the sentencing hearing—is precisely the type of claim that is barred by the waiver.

As a starting point, the Court notes that a Defendant's knowing and voluntary waiver of his right to pursue collateral relief will preclude his ability to file a subsequent § 2255 motion. In re Acosta, 480 F.3d at 422. In the Sixth Circuit, the right to collaterally attack a conviction and sentence may be waived in a plea agreement, so long as the waiver is "informed and voluntary." Watson, 165 F.3d at 489; see also United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir. 2001) (explaining that a defendant in a criminal case may waive any right via a plea agreement, including constitutional rights). In the present case, the record supports enforcement of the waiver.

The relevant portion of Defendant's plea agreement states:

> Grentz waives the right to appeal the guilty plea and conviction. He waives the right to appeal any determination made by the Court at sentencing with the sole exception that Grentz may appeal any aspect of the sentence if the length of the term of imprisonment exceeds 37 months. He also waives the right to attack collaterally the guilty plea, conviction, and sentence.

[R. 40 at ¶ 6].

Here, by executing the plea agreement, Defendant acknowledged that he had reviewed the full document with counsel and understood its terms. [R. 40 at ¶ 16]. At rearraignment, Defendant confirmed, under oath, that he had read the plea agreement and understood its provisions. [R. 48 at 14]. He admitted that he was not threatened or coerced into signing the agreement. [R. 48 at 13-15]. Additionally, the District Judge personally addressed Movant and specifically discussed the appeal and collateral-attack waiver, reading the waiver portions of the plea agreement aloud in open court. [R. 48 at 26-28]. Then, the Court engaged in the following

colloquy with Defendant in an attempt to ensure that he understood he would be giving up his right to a collateral attack:

> THE COURT: [Y]ou also waive the right to attack collaterally your guilty plea, conviction and sentence, which simply refers to after you've been sentenced, perhaps you're serving a sentence and you believe that there are reasons why that should be overturned, there's proceedings that, working with a lawyer, you could invoke to attack that sentence or to challenge that sentence, and you're waiving the right to do that. Do you recall discussing that particular provision with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did he explain the consequence of waiving those rights to the extent you have?
>
> THE DEFENDANT: Yes, he did. [R. 48 at 27-28].

Moreover, the United States read the appeal and collateral-attack waiver portions of the agreement aloud in court, and Defendant confirmed that he understood those provisions. [R. 48 at 16-19]. Additionally, Defendant confirmed to the Court that he understood the trial rights that he would forfeit by pleading guilty. [R. 48 at 20-21]. Finally, Defendant expressed satisfaction with the advice, counsel, and representation of his attorneys. [R. 48 at 13].

The record shows that Defendant's responses were voluntary and unequivocal, and the District Judge determined at the hearing that Defendant was competent to enter a plea. [R. 48 at 32-33]. Solemn declarations in open court "carry a strong presumption of verity" and "constitute a formidable barrier" in subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Considering the representations that Defendant made in the plea agreement and during rearraignment, and the significance of his sworn statements, the Court concludes that Defendant made an "informed and voluntary" waiver. In re Acosta, 480 F.3d at 422. Accordingly, the Court finds that the waiver provision in Defendant's plea agreement is valid and enforceable.

Having said that, the Court further notes that Defendant's argument in Ground Two, that counsel should have objected to the base offense level at sentencing, is precisely the type of claim that a valid collateral-attack waiver would bar a defendant from bringing—a claim of ineffective assistance of counsel that does not affect the validity of a defendant's plea or his waiver. Id. (explaining that valid collateral-attack waivers bar all claims that do not challenge the validity of the plea agreement or the waiver itself). Thus, the Court finds that Defendant's claim, as asserted in Ground Two, is both meritless and barred by the collateral-attack waiver. See id. In sum, Defendant has not shown that he is entitled to relief on any of the claims asserted in his § 2255 motion.

## III. RECOMMENDATION

Having considered the matter fully, and for the reasons stated above, the Court RECOMMENDS that the District Court DENY Defendant's motion for 28 U.S.C. § 2255 relief. [R. 47].

The Court directs the parties to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition, issued under subsection (B) of the statute. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of

Appeals. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Signed September 19, 2014.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge