Eastern District of Kentucky
FILED
FEB 0 8 2016
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 12-12-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WERNER GRENTZ, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is Magistrate Judge Edward B. Atkins's Report and Recommendation ("R&R") in the above-referenced matter. [R. 58.] In January 2013, Defendant Werner Grentz pled guilty to one count of tax evasion, and the United States agreed to dismiss the remaining five counts against him. [R. 32.] The agreement contained a waiver of Grentz's right to appeal and collaterally attack his guilty plea, conviction, and sentence. [R. 29 at ¶ 6.] In June 2013, this Court sentenced Grentz to a prison term of 18 months, combined with 3 years of supervised release and restitution of $900,068 in unpaid taxes. [R. 43.] In January 2014, Grentz filed a pro se motion to vacate his conviction and sentence, alleging that (1) his plea was not knowing and voluntary because his counsel provided ineffective assistance by failing to explain that conduct underlying the dismissed counts could factor into his sentence, (2) that counsel rendered ineffective assistance by failing to object to his base offense level, and (3) that the collateral-

attack waiver provision of his plea agreement was void due to counsel's ineffective assistance.[1] [R. 47 at 4-7.]

On September 19, 2014, the Magistrate issued the present R&R, wherein he recommended that this Court deny Grentz's motion. [R. 58.] With regard to Grentz's claim that his plea was involuntary because his counsel failed to explain the potential impact of the conduct underlying the dismissed counts on his sentence, the Magistrate noted that "the plea agreement specifically delineated the amount of restitution due for each year of tax fraud committed by Defendant from 1999-2010 and explained 'that these yearly restitution amounts result from his fraudulent conduct and that he is liable for fraud penalties on these amounts.'" [*Id.* at 6.] Further, Grentz's "sworn testimony at the Rule 11 hearing" indicated that he had reviewed the agreement with his attorney and understood its contents. [*Id.*]

With respect to Grentz's related argument that the plea agreement is void because his sentence reflected conduct underlying the dismissed counts, the Magistrate found that "the Sixth Circuit is in the majority of circuits holding that a sentencing court may take into account relevant criminal conduct in counts that were dismissed as part of a plea bargain." [*Id.* at 7.] For this reason, too, counsel's failure to object to Grentz's base offense level—which reflected the conduct underlying the dismissed counts—was reasonable. [*Id.* at 8.] Finally, the Magistrate found that Grentz's last argument—which asserted that the collateral-attack waiver of his plea agreement was void because he received ineffective assistance of counsel—was groundless for

---

[1] The Court notes that, in part because of Grentz's unusually short sentence, the time it took him to file his Motion to Vacate, and the additional time necessary for the Magistrate to issue an R&R, it appears Grentz's term of imprisonment may have expired prior to the issuance of this order. Because (1) Grentz seeks to vacate both his conviction and sentence, and (2) his sentence included a period of supervised release and a significant restitution order, resolution of his motion remains necessary.

2

the reasons stated above. [*Id.* at 9-10.]

Generally, this Court must make a *de novo* determination of those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with Magistrate Judge Atkins's recommended disposition. Accordingly, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** as follows:

1. The Recommended Disposition [**R. 58**] as to Defendant Werner Grentz is **ADOPTED** as and for the Opinion of the Court; and

2. Grentz's Motion to Vacate [**R. 47**] is **DENIED.**

This __5__ day of February, 2016.



Signed By
Gregory F. Van Tatenhove
United States District Judge