UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | Criminal No. 12-12-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| WERNER GRENTZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is Magistrate Judge Hanly A. Ingram's Recommended Disposition. [R. 83.] Defendant Werner Grentz is charged with violating his supervised release conditions by (1) committing another federal, state, or local crime, (2) lying to his probation officer, and (3) refusing to allow his probation officer to enter his home. [*Id.* at 3-4.] The record shows that Grentz has repeatedly refused to comply with the conditions of his restitution payment schedule imposed after his conviction for tax evasion. [*Id.* at 1-4.] At his final hearing, Grentz stipulated to Violations # 2 and 3, and the Government moved to dismiss Violation # 1. [*Id.* at 4.]

In his recommended disposition, Judge Ingram "evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District." [*Id.* at 2.] The Magistrate also properly considered all of the § 3553 factors incorporated into the section § 3583(e) analysis. The judge first noted that that the "nature and circumstances" underlying Grentz's conviction indicate he has "an issue respecting the authority of the Court, our government, and the USPO," and that this disrespect was "visible" through his repeated "failure to cooperate" post-conviction. [*Id.* at 7.] And he also found that Grentz's

"disrespect for the law has eroded the ability to meaningfully supervise him on release." [*Id.* at 8.] On the mitigating side, the Magistrate recognized Grentz's "efforts to obtain his medical license," ostensibly "in order to pay back the restitution he owes." [*Id.* at 8.] Because of this effort, the Magistrate determined that a "below-Guidelines penalty is justified." [*Id.*]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Recommended Disposition [**R. 84**] as to Defendant Werner Grentz is **ADOPTED** as and for the Opinion of the Court;

2. Violation # 1 is **DIMISSED**;

3. Grentz is found to have committed **Violations # 2 and 3** as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

4. Grentz's Supervised Release is **REVOKED**;

5. Grentz is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **thirty (30) days** with a term of supervised release of **thirty-five (35) months** to follow; and

6. Judgment shall be entered promptly.

This 30th day of September, 2016.



Gregory F. Van Tatenhove
United States District Judge